UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DARRIN LAPINE,

    Plaintiff,

v.

UNKNOWN KERR,

    Defendant.
_____/

Case No. 1:22-cv-676

HON. JANE M. BECKERING

## OPINION AND ORDER

Plaintiff initiated a lawsuit alleging violations of his civil rights on February 14, 2019 (ECF No. 1). At that time, Plaintiff was a prisoner in the custody of the Michigan Department of Corrections (MDOC). Plaintiff has since been released. *See* MDOC Offender Tracking Information System, https://mdocweb.state.mi.us/otis2/otis2profile.aspx?mdocNumber=305535 (last visited January 30, 2025). On July 27, 2022, Plaintiff's lawsuit was severed into three separate actions (ECF No. 50). In this action, only a single claim remains. *See* Op. & Ord., ECF No. 76 (granting Defendant's prior partial motion for summary judgment).

In the sole remaining claim, Plaintiff alleges that Defendant Kerr, a corrections officer, unlawfully retaliated against him. Defendant Kerr filed a motion for summary judgment, arguing that Plaintiff's claim cannot satisfy the required elements of a retaliation claim and thus that his claim should be dismissed (ECF No. 92). The matter was referred to the Magistrate Judge, who issued a Report and Recommendation (R&R), recommending that the Court grant Defendant's motion and terminate this matter (ECF No. 101). The matter is presently before the Court on

Plaintiff's objections to the Report and Recommendation (ECF No. 103-1). In accordance with 28 U.S.C. § 636(b)(1) and FED. R. CIV. P. 72(b)(3), the Court has performed de novo consideration of those portions of the Report and Recommendation to which objections have been properly made.

The Court denies the objections and issues this Opinion and Order.

This Court's Local Civil Rule 72.3(b) provides that "[a]ny party may object to a magistrate judge's proposed findings, recommendations or report within fourteen (14) days after being served with a copy thereof unless a different time is prescribed by the magistrate judge or a district judge." W.D. Mich. LCivR 72.3(b). "Such party shall file and serve written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objections are made and the basis for such objections." *Id.* "Any party may respond to another party's objections within fourteen (14) days after being served with a copy thereof." *Id.*

Objections must address the "factual and legal" issues "at the heart of the parties' dispute" to enable review by the district court. *Thomas v. Arn*, 474 U.S. 140, 147 (1985). *See also Howard v. Sec'y of Health & Hum. Servs.*, 932 F.2d 505, 509 (6th Cir. 1991) ("[O]bjections [must] be specific in order to focus the busy district court's attention on only those issues that were dispositive and contentious."); *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) ("The parties have the duty to pinpoint those portions of the magistrate's report that the district court must specially consider") (internal quotations and citation omitted). Objections that dispute only the general correctness of the report and recommendation are insufficient. *Miller v. Currie*, 50 F.3d 373, 380 (6th Cir. 1995) (citing *Howard, supra*). Similarly, objections that restate arguments already presented to the magistrate judge are generally improper. *Coleman-Bey v. Bouchard*, 287 F. App'x 420, 422 (6th Cir. 2008) (citing *Brumley v. Wingard*, 269 F.3d 629, 647 (6th Cir. 2001)).

*See also Brown v. City of Grand Rapids*, No. 16-2433, 2017 WL 4712064, at *2 (6th Cir. June 16, 2017) ("[A]n objection that does nothing more than state a disagreement with the magistrate's suggested resolution, or simply summarizes what has been presented before is not an 'objection' as that term is used in the context of Federal Rule of Civil Procedure 72."). Last, merely incorporating arguments from previously filed documents, without directing the Court's attention to specific issues decided by the Magistrate Judge, does not constitute a valid objection to a magistrate judge's report and recommendation. *See Neuman v. Rivers*, 125 F.3d 315, 323 (6th Cir. 1997); *Kelly v. Withrow*, 25 F.3d 363, 366 (6th Cir. 1994).

The United States Supreme Court has pointed out that absent such requirements, the district court would be forced to review "every issue in every case, no matter how thorough the magistrate's analysis." *Thomas*, 474 U.S. at 147–48 (opining that the Sixth Circuit's decision to require the filing of objections in the case before it was supported by "sound considerations of judicial economy"). The Sixth Circuit has similarly observed that where a party files an objection that is not sufficiently specific, "[t]he functions of the district court are effectively duplicated as both the magistrate and the district court perform identical tasks." *Howard*, 932 F.2d at 509.

The Court has reviewed Plaintiff's 10-page document and the record in this case. The Court concludes that Plaintiff has not raised any objections that demonstrate any error in the Magistrate Judge's factual findings, legal analysis, or ultimate conclusion.

Plaintiff's document begins with a "corrected statement of facts" (ECF No. 103-1 at PageID.784) that does not indicate whether, in what way, or upon what bases these facts differ from the Magistrate Judge's factual findings. Moreover, to the extent that—in this section, or elsewhere in Plaintiff's document—Plaintiff attempts to submit new factual assertions that were

3

not included in his complaint or in response to Defendant's motion for summary judgment, this is improper. The Sixth Circuit has generally articulated that "issues raised for [the] first time in objections to [a] magistrate judge's report and recommendation are deemed waived." *Morgan v. Trierweiler*, 67 F.4th 362, 367 (6th Cir. 2023) (quoting *Murr v. United States,* 200 F.3d 895, 902 n.1 (6th Cir. 2000)).

The rest of Plaintiff's document, entitled paragraphs (1) through (7), generally states legal principles and reiterates Plaintiff's legal and factual assertions. Plaintiff's argument does not specifically identify any portions of the Report and Recommendation, nor does it explain how or upon what bases the Magistrate Judge erred in his analysis or ultimate conclusion. For this reason alone, in light of the standard discussed *supra*, Plaintiff's objections are properly denied.

The Court does understand much of Plaintiff's argument to attempt to dispute the factual circumstances that led to Plaintiff's misconduct charge (*see e.g.*, ECF No. 103-1 at PageID.787 ("Plaintiff never stated" certain words) and PageID.788 ("Video would reveal that [Defendant's] story didn't add up")). The Magistrate Judge concluded that the Hearing Officer's factual findings are entitled to preclusive effect and thus Plaintiff cannot now dispute them (R&R, ECF No. 101 at PageID.761). Plaintiff states that the "*Peterson [v. Johnson*, 714 F.3d 905, 911–13 (6th Cir. 2013)] quoted analysis was not satisfied" because he was not afforded an adequate opportunity to litigate the factual issue (ECF No. 103-1 at PageID.794). However, Plaintiff was present at the hearing and provided an opportunity to make his case, the Hearing Officer considered Plaintiff's defense, Plaintiff had the opportunity to appeal within the MDOC, and Plaintiff could have—but did not— further appeal to state court (ECF No. 96 at PageID.698 (Defendant laying out these facts, which Plaintiff did not dispute in his response)). Considering all the relevant circumstances, the Court

agrees with the Magistrate Judge's conclusion as to the preclusive effect of the Hearing Officer's factual findings.

Accordingly, this Court adopts the Magistrate Judge's Report and Recommendation as the Opinion of this Court. A Judgment will be entered consistent with this Opinion and Order. *See* FED. R. CIV. P. 58. Because this action was filed *in forma pauperis*, this Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal of this decision would not be taken in good faith. *See McGore v. Wrigglesworth*, 114 F.3d 601, 610 (6th Cir. 1997), overruled on other grounds by *Jones v. Bock*, 549 U.S. 199, 206, 211-12 (2007).

Therefore:

**IT IS HEREBY ORDERED** that the Objections (ECF No. 103) are DENIED and the Report and Recommendation of the Magistrate Judge (ECF No. 101) is APPROVED and ADOPTED as the Opinion of the Court.

**IT IS FURTHER ORDERED** that the Motion for Summary Judgment (ECF No. 92) is GRANTED.

**IT IS FURTHER ORDERED** that this Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that an appeal of this decision would not be taken in good faith.


Dated: February 3, 2025                                    /s/ Jane M. Beckering
                                                                                             JANE M. BECKERING
                                                                                             United States District Judge